## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Fernando M. Izaguirre                    \*
801 Quince Orchard Blvd. # 22
Gaithersburg, Maryland 20878             \*

     **Plaintiff**                         \*

v.                                       \*          Case No. _____

Hunter Allied of Maryland, Inc.          \*          **JURY TRIAL REQUESTED**
521 Tidewater CV
Berlin, Maryland 21811                   \*

    **A Maryland Corporation**            \*

     **Defendant**                       \*
_____/

### COMPLAINT

Plaintiff, Mr. Fernando M. Izaguirre, through undersigned counsel, states a complaint against Defendant Hunter Allied of Maryland, Inc. ("Defendant") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and further states a supplemental wage/hour claim pursuant to the District of Columbia Payment and Collection of Wages Law, codified at D.C. CODE ANN. § 32-1301 et seq. ("DCPCWL") and the District of Columbia Minimum Wage Revision Act, codified at D.C. CODE ANN. § 32-1001 et seq. ("DCMWRA"), and demands a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1.    Plaintiff is a resident of the State of Maryland. By failing to pay the Plaintiff overtime amounts due, from time to time, Plaintiff alleges that Defendants violated the overtime provisions of the FLSA and the DCPCWL and DCMWRA.

2.    In addition to actual sums owed, Plaintiff seeks liquidated/statutory damages and attorneys' fees and costs pursuant to the FLSA, the DCPCWL and DCMWRA.

3.      Defendant Hunter Allied of Maryland, Inc., a Maryland corporation, is an enterprise providing construction services within Washington, D.C.  Defendant maintains a sizeable workforce of no less than two employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce.  For instance, there are employees of Defendant that have worked on the same construction project as Plaintiff has, in the District of Columbia, and who have handled materials and goods that have moved in interstate commerce.

4.      At all times material herein, Defendant has had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

5.      The Plaintiff was thus employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

6.      Accordingly, subject matter jurisdiction exists because the Plaintiff is employed by the Defendant, a single enterprise, which satisfies the enterprise coverage provisions under the FLSA.

7.      Defendant has been at all times material herein an "employer" within the meaning of the FLSA, and the DCPCWL and DCMWRA, respectively.

8.      Venue is proper.  Plaintiff has performed construction related tasks for the Defendant at a site within the District of Columbia.

9.      This Court has federal question jurisdiction to hear Plaintiff's FLSA claims see 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's claims arising under the DCPCWL and DCMWRA.  28 U.S.C. § 1367.

### **Factual Allegations**

10.     For purposes of Plaintiff's FLSA and DCPCWL and DCMWRA claims, and at all times

relevant to the events alleged in this complaint, the Plaintiff was an employee of the Defendant.

11.     Plaintiff became employed with the Defendant since August of 2017.

12.     Throughout his employment, the Plaintiff performed manual labor for Defendant at a work site in the District of Columbia where a government building was being refurbished/repaired.

13.     Plaintiff was paid an hourly regular rate of $16.00.

14.     At various times throughout his tenure, Plaintiff worked in excess of a forty hour work weeks.

15.     Defendant required and knowingly permitted the Plaintiff to work hours greater than 40 hours each statutory work week.

16.     Nevertheless, Defendant engaged in a conscious and deliberate plan to avoid the payment of overtime in the statutory prescribed amount of 1 ½ times the Plaintiff's regular rate of $16.00 per hour.

17.     Defendant would conceal the number of hours worked by the Plaintiff on his paycheck.

18.     Defendant did this by paying all hours over 40 at a straight time rate, and paid these hours under the category of "expense reimbursement."

19.     Plaintiff incurred no expenses on behalf of his employer.

20.     For example, for the pay period starting March 25, 2018 and ending March 31, 2018, Plaintiff's paycheck included $16.00/hour for forty (40) non-overtime hours, and an "expense reimbursement" of $80.00.

21.     This represented straight wages of $16.00/hour for five (5) hours (80/$16 = 5 hours).

22.     Other examples exist of this overtime scheme.

23.     For example, for the pay period starting February 4, 2018 and ending February 10,

2018, Plaintiff's paycheck included $16.00/hour for forty (40) non-overtime hours, and an "expense reimbursement" of $64.00.

24.     This represented straight wages of $16.00/hour for four (4) hours (64/$16 = 4 hours).

25.     Multiple other examples exist of similar attempts to hide the fact that Plaintiff had worked more than 40 hours in a statutory workweek.

26.     In other instances, the Defendant would add overtime hours from one week to another work week.

27.     For example, for the pay period starting on March 11, 2018 and ending March 17, 2018, Plaintiff worked 44 hours but only received a paycheck of 40 hours at $16.00/hour.

28.     However, those four (4) additional hours were added to the following pay period starting on March 18, 2018 to March 24, 2018, wherein Plaintiff worked only 25 hours but was paid 29 hours at $16/hour.

29.     Plaintiff was not exempt from the overtime requirements of the FLSA or DCPCWL and DCMWRA.

### Causes of Action

### COUNT I
### (FLSA - Failure to Pay Overtime)

30.     Plaintiff incorporate paragraphs 1-29 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendant - at all times during the Plaintiff's employment – has failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, as required by Federal law and applicable Federal regulations.

31.     Willfulness may be inferred based on the Defendant's attempt to conceal and pay hours

of work under the heading "expense reimbursement" and move hours from one week to another.

## COUNT II
### (D.C. Payment and Collection of Wages Law (DCPCWL))

32.    Plaintiff incorporates paragraphs 1-31 as set forth above, and states that Defendant's actions complained of herein constitute a violation of D.C. CODE ANN. § 32-1301, because Defendant - at all times during the Plaintiff's employment – has failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, as required by the DCPCWL and applicable regulations.

## COUNT III
### (D.C. Minimum Wage Revision Act (DCMWRA))

33.    Plaintiff incorporates paragraphs 1-32 as set forth above, and states that Defendant's actions complained of herein constitute a violation of D.C. CODE ANN. § 32-1001, because Defendant - at all times during the Plaintiff's employment – has failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, as required by the DCMWRA and applicable regulations.

## Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)    Enter a Judgment against Defendant in favor of the Plaintiff, reflecting all unpaid overtime determined by a Jury to be due and owing to the Plaintiff under the FLSA and

DCPCWL and DCMWRA, as well as a sum of liquidated damages in an amount equal to three times the amount of any unpaid overtime wage premiums awarded to Plaintiff;

(b)    Award Plaintiff his attorneys' fees and costs in pursuing this action;

(c)    Award Plaintiff interest on any sums determined due and owing from Defendant;

(d)    Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq.
Attorney at Law
Fed. Bar. No. 977135
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)
hhoffman@hoholaw.com

**Jury Demand**

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a jury.

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq