# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FERNANDO M. IZAGUIRRE, on behalf of
himself and other similarly situated,

    *Plaintiff*,

    v.

HUNTER ALLIED OF MARYLAND, INC.,
*et al.*,

    *Defendants*.

No. 18-cv-965 (DLF)

## MEMORANDUM OPINION AND ORDER

This case was filed by the plaintiff, Mr. Fernando M. Izaguirre, against the defendants, Hunter Allied of Maryland, Inc. and Mr. Bradford Q. Ott, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (FLSA), the District of Columbia Payment and Collection of Wages Law, D.C. Code Ann. § 32-1301 et seq. (DCPCWL), and the District of Columbia Minimum Wage Revision Act, D.C. Code Ann. § 32-1001 et seq. (DCMWRA). After the defendants failed to enter an appearance in the case or comply with the Court's November 13, 2018 Memorandum Opinion and Order granting conditional certification, Dkt. 15, or the Court's December 28, 2019 Minute Order, the Court ordered the defendants to appear for a show cause hearing as to why the defendants should not be held in civil contempt, Dkt. 22. When the defendants failed to appear at the show cause hearing, or otherwise respond to the Court's orders, counsel for the plaintiff orally moved for civil contempt. For the reasons stated below, the Court finds the defendants in civil contempt for failing to comply with the Court's November 13, 2018 Memorandum Opinion and Order and the Court's December 28, 2019 Minute Order.

1

## I. BACKGROUND

This case arises from alleged violations of the overtime provisions of the FLSA, the DCPCWL, and the DCMWRA. Dkt. 1 at 1. The original complaint was amended and re-filed as a collective action for overtime wages under the FLSA and as a class action for overtime wages pursuant to Rule 23 of the Federal Rules of Civil Procedure, the DCPCWL, and the DCMWRA. Dkt. 4 at 1–2. The plaintiff brought the action on behalf of himself and all similarly situated hourly workers providing labor for Hunter Allied of Maryland, Inc., which is a Maryland Corporation providing construction services within Washington, D.C. *Id.* at 2–3.

Following personal service of the complaint, Dkt. 3, and the amended complaint, Dkt. 7, upon Mr. Bradford Q. Ott, who is the named individual defendant in this case and the president and owner of the corporate defendant, the defendants failed to appear. The plaintiff then moved for an entry of default, Dkt. 10, and the Clerk entered default against the defendants. Dkt. 11, 12. On November 13, 2018, the Court granted the plaintiff's Motion to Conditionally Certify a Fair Labor Standards Act Collective Action. Dkt. 15. The Court later ordered the defendants to produce "a computer-readable list of all employees who worked as hourly employees of Hunter Allied of Maryland, Inc., since April 24, 2015," by January 18, 2019. *See* Minute Order of December 28, 2019. The plaintiff mailed the Court's orders to the individual defendant on December 29, 2018, and the orders were personally served on the defendants on January 8, 2019. Dkt. 18 at 1–2.

On January 25, 2019, after receiving no response from the defendant, the plaintiff filed a Motion for Order Directing Defendants to Show Cause Why Defendants Should Not be Held in Civil Contempt. Dkt. 19. On April 24, 2019, the Court held a hearing on the plaintiff's motion, which the Court ultimately granted. *See* Minute Order of April 25, 2019. In the Court's April

25, 2019 Minute Order and subsequent Show Cause Order, Dkt. 22, the Court directed the defendants to appear in person on May 29, 2019 at 11:00 AM and show cause why the Court should not find each defendant in contempt. The Court's Show Cause Order was mailed to the defendants' address of record. *Id.* However, the defendants failed to appear at the May 29, 2019 hearing or otherwise respond to the Court's orders.

## II.     LEGAL STANDARD

"Civil contempt is a remedial device that a court can utilize to achieve full compliance with its orders." *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) (citing *Secs. & Exch. Comm'n v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995)). "'[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt,' and may do so when a party 'has violated an order that is clear and unambiguous,' and the violation is proved by 'clear and convincing evidence.'" *Walters v. People's Republic of China*, 72 F. Supp. 3d 8, 10 (D.D.C. 2014) (quoting *Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993)).

To establish civil contempt, a movant must show three element by clear and convincing evidence: "(1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *International Painters*, 736 F. Supp. 2d at 38. "The sole purpose of civil contempt sanctions is to 'coerce compliance or compensate a complainant for losses sustained,' not to punish." *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 750 F. Supp. 2d 31, 34 (D.D.C. 2010) (quoting *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009)). The available sanctions for a finding of "civil contempt includes compensatory and coercive fines, as well as imprisonment." *United States v.*

3

*Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 36 (D.D.C. 2014).  Courts may also award attorneys' fees and expenses in conjunction with a civil contempt proceeding.  *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 86 (D.D.C. 2003) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) ("It is well-established that courts may award attorneys' fees and expenses in conjunction with a civil contempt proceeding.")).

"[E]very civil contemnor who asserts a genuine issue of material fact is entitled to a full, impartial hearing." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1019 (D.C. Cir. 1997) (quoting *Washington Metropolitan Area Transit Authority v. Amalgamated Transit Union*, 531 F.2d 617, 620 (D.C. Cir. 1976)).  Service is satisfied when a copy of the Show Cause Order "is mailed to the party's attorney or directly to the party." *I.A.M. Nat. Pension Fund, Ben. Plan A, v. Wakefield Industries, Inc.*, 699 F.2d 1254, 1263 (D.C. Cir. 1983).

## III.     DISCUSSION

Here, by clear and convincing proof, the plaintiff has established each element of civil contempt.  The Court's November 13, 2018 Memorandum Opinion and Order and December 28, 2019 Minute Order unambiguously directed the defendants to provide the plaintiff with the contact information of other hourly employees who worked for the defendants during the relevant time period.  To date, the defendants have not complied with either of the Court's orders.

And the defendants have failed to appear despite the fact that the individual defendant was personally served with the complaint, amended complaint, the Court's November 13, 2018 Memorandum Opinion and Order, and the Court's December 28, 2019 Minute Order.  The defendants were also mailed a copy of the Court's April 25, 2019 Order to Show Cause.  Courts

have approved daily fines to compel compliance with similar court orders, and the Court finds it appropriate to do the same in this case. *See, e.g.*, *Sec'y, Dep't of Labor v. River Ranch Bar & Grille, LLC*, 2018 WL 2011372 (M.D. Fla. Apr. 30, 2018) (approving daily fine of $500 per day for failure to satisfy a default judgment).

ACCORDINGLY, it is hereby **ORDERED AND ADJUDGED** that:

1. The defendants Hunter Allied of Maryland, Inc. and Bradford Q. Ott are hereby adjudged in civil contempt for failing to comply with the Court's November 13, 2018 Memorandum Opinion and Order, Dkt. 15, and the Court's December 28, 2019 Minute Order. Defendants may purge themselves of the civil contempt by, within 14 days of the date of service of this Order upon the defendants, contacting counsel for the plaintiffs and providing the contact information required under the Court's prior orders.

2. If the defendants do not purge themselves of the civil contempt, a daily fine, in the amount of $500 per day, per defendant, will be imposed against the defendants, payable to the U.S. Treasury, until they are in compliance with the Court's orders, with referral to the United States Department of Justice for collection.

3. The defendants are required to pay the plaintiff's attorney's fees and costs incurred for the May 29, 2019 show cause hearing and for the April 24, 2019 motion for order to show cause hearing.

4. The U.S. Marshal is directed to serve the individual defendant, Bradford Q. Ott, who is also the owner of the corporate defendant, with a copy of this Order, at his address of record: 521 Tidewater Cove, Berlin, MD 21811.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

May 29, 2019